United States Court of Appeals,

Eleventh Circuit.

Nos. 94-4831, 94-5079.

John D. PURCELL, et al., Plaintiffs-Appellees,

v.

BANKATLANTIC FINANCIAL CORPORATION, a Florida corporation, et al., Defendants-Appellees.

William A. SMITH, et al., Plaintiffs-Appellees,

v.

BANKATLANTIC FINANCIAL CORPORATION, a Florida corporation, et al., Defendants-Appellees.

Timothy J. CHELLING, Plaintiff-Appellee,

v.

BANKATLANTIC FINANCIAL CORPORATION, a Florida corporation, et al., Defendants-Appellees.

American Broadcasting Companies, Inc., William H. Wilson, Appellants.

June 25, 1996.

Appeals from the United States District Court for the Southern District of Florida. (Nos. 89-1284, 89-1605, 89-1850-CIV-KLR), Kenneth L. Ryskamp, Judge.

Before CARNES and BARKETT, Circuit Judges, and DYER, Senior Circuit Judge.

CARNES, Circuit Judge:

This appeal arises from the district court's denial of American Broadcasting Companies, Inc. ("ABC")'s motion to intervene and from the district court's entry of a stipulated judgment vacating the jury verdict in a class action in which ABC sought to intervene. ABC argues that due to the potential collateral estoppel effect that the jury verdict could have in a separate libel action between it and certain defendants in the class action,

ABC should be permitted to intervene to argue against the vacatur of that verdict. For the reasons discussed below, we hold that ABC lacks sufficient interest in the class action to permit intervention as of right, and that the district court did not abuse its discretion in denying ABC's motion for permissive intervention.

## I. FACTS AND PROCEDURAL HISTORY

In 1989, the plaintiffs, limited partners in various real estate limited partnerships, filed three class actions in the United States District Court for the Southern District of Florida against, among others, fellow limited partners Alan B. Levan and BankAtlantic Financial Corporation ("BFC"). The actions were thereafter consolidated into one class action, which involved exchange transactions proposed by Levan and BFC in which the plaintiffs' interests in the limited partnerships were exchanged for twenty-year, unsecured, BFC subordinated debentures. The plaintiffs alleged that the exchange transactions violated federal securities laws, and sought damages and rescission of the debentures.

In November 1991, ABC aired a story on the television program "20/20" about the BFC exchange transactions. The program stated that Levan and BFC knew the transactions were unfair to the plaintiffs, but that they endorsed them anyway. In February 1992, Levan and BFC filed a libel action in the United States District Court for the Southern District of Florida against ABC.

A jury trial was held in the class action suit in December 1992, which resulted in a verdict in favor of the plaintiffs and an award of $8 million in damages. In the course of reaching its

verdict, the jury was asked to answer the following special interrogatories:

> 1. Have the plaintiffs proved, by the greater weight of the evidence, that the exchange transaction proposed by BankAtlantic Financial Corporation was "unfair" to the limited partners ...?

> 2. Have the plaintiffs proved, by the greater weight of the evidence, that the managing general partners, or the company or Alan Levan falsely stated in the prospectus and the transmittal letter that they believed that the exchange transaction was "fair" when they knowingly believed otherwise?

The jury answered both questions in the affirmative. The district court entered final judgment on the verdict on December 18, 1992. At that time, the plaintiffs' claim for equitable rescission had not yet been resolved.

In January 1993, Levan and BFC filed motions for remittitur and for judgment notwithstanding the verdict or for a new trial, which the district court denied. After motions related to prejudgment interest were resolved, Levan and BFC filed an appeal in July 1993. This Court dismissed the appeal in February 1994, holding that the district court's judgment was not final because it had not yet disposed of the plaintiffs' claim for equitable rescission.

In February 1993, ABC moved for summary judgment in the libel lawsuit, arguing that the collateral estoppel effect of the December 1992 jury verdict in the class action case precluded a judgment against ABC in the libel lawsuit. The magistrate judge in the libel lawsuit recommended that summary judgment be granted in favor of ABC because the jury's verdict in the class action case preclusively established the substantial truth of the "20/20" broadcast. However, the district court in the libel lawsuit stayed

the proceedings until the equitable rescission claim could be disposed of in the class action case.

After the magistrate judge recommended summary judgment for ABC in the libel lawsuit, Levan and BFC began working on a settlement with the plaintiffs in the class action case. They reached an agreement in which the defendants would pay the plaintiffs the full amount of the damages that the jury had awarded them, plus interest,[1] in exchange for a stipulated motion to vacate the jury verdict and resulting judgment. Levan informed the district court in the libel lawsuit of the impending settlement in the class action, with the result that the district court rejected the magistrate's recommendation of summary judgment in favor of ABC, and referred the case back to the magistrate for further consideration in light of the impending class action settlement.

Learning of the class action settlement agreement, ABC was understandably unhappy about the provision for vacatur of the jury verdict and judgment, upon which it was relying in the libel lawsuit. ABC moved to intervene in the class action for the purpose of opposing the vacatur of the jury verdict and judgment. For obvious reasons, Levan and BFC, two defendants in the class action, opposed ABC's motion to intervene. The plaintiffs in the class action also opposed it, because their certain and relatively

---

[1]The settlement agreement provided that $4 million would be paid into an escrow account by the date of the settlement agreement approval hearing before the district court, and the other $4 million would be paid into the escrow account within thirty months of the execution of the settlement agreement. The agreement further provided that Levan and BFC would pay an annual interest rate of 7% on the second $4 million installment, to be calculated from the date of the execution of the settlement agreement.

prompt receipt of the $8 million payment, plus interest, through the settlement agreement was expressly conditioned upon the vacatur. The district court denied ABC's motion to intervene. After a hearing on the proposed settlement, the district court approved the class action settlement agreement and entered a final judgment vacating the jury verdict and the final judgment entered thereon.

Thereafter, in April 1995, the magistrate judge in the libel lawsuit recommended that ABC's motion for summary judgment be denied in light of the vacatur of the jury verdict in the class action.

This is ABC's appeal from the denial of its motion to intervene and from the district court's final judgment approving the settlement and vacating the verdict and judgment in the class action case.[2] The plaintiffs have moved in this Court to dismiss this appeal arguing that the appeal is moot because the settlement extinguished the "case or controversy" that was before the court, and that ABC lacks standing to challenge the settlement agreement. We ordered that the motion to dismiss be carried with the case, and

---

[2]ABC filed two notices of appeal. The first notice was filed within thirty days of the district court's denial of its motion to intervene as of right. The denial of a motion to intervene as of right is a final appealable order, *e.g., Meek v. Metropolitan Dade County, Fla.,* 985 F.2d 1471, 1476 (11th Cir.1993), and thus, even though the class action had not yet resulted in a final judgment, ABC's first notice of appeal was properly filed. After the district court entered final judgment on the settlement, ABC filed a second notice of appeal within thirty days with respect to its motion for permissive intervention, and with respect to the settlement itself. ABC then filed a motion to consolidate the two appeals, which this Court granted.

we now deny it.[3]

## II. DISCUSSION

Before the class action parties began negotiating their settlement agreement, the magistrate judge in the libel lawsuit had recommended summary judgment in favor of ABC because the class action jury verdict preclusively established the substantial truth of the "20/20" broadcast. ABC argues that this recommendation gave it a sufficient interest in the settlement agreement to entitle it to intervene in the class action. On the merits, ABC argues that the district court's approval of the settlement agreement providing for the vacatur of the jury verdict was an abuse of discretion because that agreement was designed to manipulate the judicial system, and the Supreme Court's decision in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* --- U.S. ----, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), disapproves of such settlement agreements.

We do not reach ABC's argument regarding the propriety of the district court's approval of the settlement agreement, because, as we explain below, we are persuaded that the district court properly denied ABC's motion to intervene. *See, e.g., Chiles v. Thornburgh,* 865 F.2d 1197, 1212 (11th Cir.1989) ("If we find that the district

---

[3]ABC has standing to appeal the district court's denial of its motion to intervene. If we conclude that ABC is entitled to intervene as of right, then ABC has standing as a party to appeal the district court's judgment based on the approved settlement agreement, and we would review that judgment. If we determined that the district court abused its discretion in approving the settlement agreement, then we would reverse the judgment, which included vacatur of the jury verdict, and ABC would be granted the relief it seeks. Because we can potentially grant ABC effective relief, this appeal is not moot. *See, e.g., In re Club Assoc.,* 956 F.2d 1065, 1069 (11th Cir.1992) ("Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief.").

court's disposition of the motions to intervene was correct, then our jurisdiction evaporates...." (citation and quotation marks omitted)).

## A. Intervention as of Right

In this circuit, a movant must establish the following requirements to intervene as of right under Federal Rule of Civil Procedure 24(a)(2):

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Chiles,* 865 F.2d at 1213. We review the district court's denial of ABC's motion to intervene as of right *de novo. See Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,* 983 F.2d 211, 214-15 (11th Cir.1993). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *United States v. State of Ga.,* 19 F.3d 1388, 1393 (11th Cir.1994).

The plaintiffs and the defendants in the class action focus primarily on ABC's failure to establish the second requirement for intervention—that ABC have "an interest relating to the property or transaction which is the subject of the action." *Chiles,* 865 F.2d at 1213. "In determining sufficiency of interest, this circuit requires that the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding. This interest has also been described as a direct, substantial, legally protectable interest in the proceedings." *Worlds v. Department of Health and Rehabilitative Serv.,* 929 F.2d 591, 594

(11th Cir.1991) (per curiam) (footnotes, citations, and quotation marks omitted).[4]

The transactions that were the subject of the class action proceeding are the debenture exchange transactions. ABC admits that it is not a real party in interest as to those exchange transactions. Instead, ABC argues that preventing the vacatur of a judgment that has been deemed by a magistrate judge to be preclusive in another lawsuit in which it is a party is sufficient for ABC to meet the interest requirement for intervening as of right. ABC has not cited any binding authority to support its position, and we are not convinced by the authority ABC has cited: a Ninth Circuit case, *National Union Fire Ins. Co. v. Seafirst Corp.,* 891 F.2d 762 (9th Cir.1989), and Justice Stevens's dissenting opinion from the Supreme Court's dismissal of certiorari in *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* 510 U.S. 27, ----, 114 S.Ct. 425, 429, 126 L.Ed.2d 396 (1993).

In *National Union,* the issue was whether the district court abused its discretion in denying a motion to vacate its judgment as part of a settlement agreement. Intervention was not an issue on appeal. The district court in that case had permitted third parties to intervene in an action between an insurance company and an insured for the limited purpose of objecting to the vacatur of

---

[4]Although some courts have held that the requirements for intervention are equivalent to the requirements for Article III standing, *e.g., Southern Christian Leadership Conference, (SCLC) v. Kelley,* 747 F.2d 777, 779 (D.C.Cir.1984), this Court has held that "a party seeking to intervene need not demonstrate that he has standing in addition to meeting the requirements of Rule 24 as long as there exists a justiciable case and controversy between the parties already in the lawsuit." *Chiles,* 865 F.2d at 1213.

the court's judgment as part of a settlement agreement. 891 F.2d at 764. It is not apparent from the opinion in *National Union* whether the intervenors had been allowed to intervene as of right or permissively. What is apparent is that the intervenors in *National Union* had a more direct interest in the transaction that was the subject of that case, because those intervenors were defending a separate lawsuit brought by the *National Union* plaintiffs arising out of the very same insurance contract transaction at issue in the that case. *Id.* at 763.

This case is distinguishable from *National Union,* because the libel lawsuit ABC is defending against Levan and BFC did not arise out of the same transactions at issue in this class action. Instead, the libel lawsuit arose out of a separate incident—a "20/20" broadcast—that reported about the transactions at issue in the class action. In other words, the intervenors in *National Union* were real parties in interest as to the transactions that were the subject of that case; by contrast, ABC is not a real party in interest as to the transactions that are the subject of the class action lawsuit in this case. Therefore, even if *National Union* were binding precedent, it does not support the proposition that ABC has a sufficient interest for intervention as of right in this case.

As for ABC's reliance on Justice Stevens's dissent in *Izumi,* a dissenting Supreme Court opinion is not binding precedent. *E.g., United States v. Goodrich,* 871 F.2d 1011, 1013 (11th Cir.1989). Justice Stevens's opinion dissenting from the Court's order dismissing the writ of certiorari as improvidently granted in *Izumi*

does not tell us how a majority of the Court would decide this case.

We conclude that, measured against the Rule 24 requirement that it be "a direct, substantial, legally protectable interest," *Worlds,* 929 F.2d at 594, ABC's interest in the collateral estoppel effect of the jury's verdict in this case is too collateral, indirect, and insubstantial to support intervention as of right. Broadening the right of intervention to cover the circumstances of this case would not only be unprecedented, it would also run counter to the public policy values that are furthered by permitting parties to settle a case without the interference of interlopers. The district court did not err in denying ABC's motion to intervene as of right.

## B. Permissive Intervention

This Court has previously explained that:

> "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention."

*Worlds,* 929 F.2d at 595 (quoting 7C Charles A. Wright, et al., *Federal Practice and Procedure* § 1913, at 376-77 (2d ed. 1986) (footnotes omitted)). "[O]ur task is not to determine whether the factors of Rule 24(b) were present, but is rather to determine whether the trial court committed a clear abuse of discretion in denying the motion." *Id.* (citations and quotation marks omitted).

We must affirm under the abuse of discretion standard "unless we at least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard."

*SunAmerica Corp. v. Sun Life Assurance Co. of Canada,* 77 F.3d 1325,

1333 (11th Cir.1996) (citations and quotation marks omitted).

> By definition, ... under the abuse of discretion standard of
> review there will be occasions in which we affirm the district
> court even though we would have gone the other way had it been
> our call. That is how an abuse of discretion standard differs
> from a *de novo* standard of review. As we have stated
> previously, the abuse of discretion standard allows a range of
> choice for the district court, so long as that choice does not
> constitute a clear error of judgment.

*Macklin v. Singletary,* 24 F.3d 1307, 1311 (11th Cir.1994)

(citations and quotation marks omitted), *cert. denied,* --- U.S. ---

-, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995).

ABC's arguments related to permissive intervention are

primarily aimed at establishing that it met both requirements for

permissive intervention: (1) the application to intervene was

timely; and (2) the intervenor's claim or defense and the main

action have a question of law or fact in common. *E.g., Chiles,* 865

F.2d at 1213. However, that is not really the focus of our

inquiry, because we do not address the matter in the first

instance. As a reviewing court, we are concerned only with "clear

error[s] of judgment" that the district court may have made, or

with "incorrect legal standard[s]" that it may have applied.

*SunAmerica,* 77 F.3d at 1333. ABC has not argued that the district

court did either, except to the extent that it contends that the

parties in the class action case could not be prejudiced by

allowing ABC's intervention, and that ABC must be permitted to

intervene because it is unable to challenge by any other means the

vacatur's impact on the preclusive effect of the class action jury

verdict in the libel lawsuit.

ABC's argument that its intervention will not prejudice the

parties in the class action lawsuit is premised upon its assertion that preventing the parties in that action from vacating the jury verdict and judgment will not prejudice them. Of course, that assertion is woefully unconvincing insofar as it concerns Levan and BFC, whose interest in the vacatur is the converse of ABC's interest. Permitting ABC to intervene for the purpose of blocking the vacatur would substantially prejudice Levan and BFC, because unless vacated, the jury verdict and judgment in the class action will preclude their libel claim against ABC. Moreover, permitting ABC to intervene in the class action would also substantially prejudice the plaintiffs, because the result ABC seeks would effectively vitiate the settlement agreement through which the plaintiffs are receiving payments from the damage award.

As for ABC's assertion that without intervention it will have no way to preserve the preclusive effect of the jury verdict and judgment in the class action, that is true. But a nonparty is not necessarily entitled to preserve the beneficial effects of a jury verdict and judgment, however much the nonparty may cherish those effects. Moreover, ABC will have its day in court. In the trial of the libel lawsuit, ABC will have an opportunity to establish in the old-fashioned way the defense that it sought to preclusively establish with the class action jury verdict and judgment. Under these circumstances, it was certainly not a clear abuse of discretion for the district court to deny ABC's motion for permissive intervention.

### III. CONCLUSION

The plaintiffs' motion to dismiss this appeal as moot is

DENIED. The district court's denial of ABC's motion to intervene, both as of right and permissively, is AFFIRMED. The remaining issues raised in this appeal are DISMISSED for lack of jurisdiction.