**Jay Louis DICKSTEIN, on Behalf of Himself and All Others Similarly Situated, Plaintiff,**

v.

**ABLE TELCOM HOLDING CORP., et al., Defendants.**

**Civ.A.No. 1:99–CV–3308–T.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 6, 2000.

Martin D. Chitwood, Christi A. Cannon, Chitwood & Harley, Atlanta, GA, for Debbie Adelman, Diane Johnson, Dan Long Lui, Anthony Palumbo and Henry Rodriguez.

Mark C. Gardy, Stephen T. Rodd, Nicholas Gilbo, Abbey Gardy & Squitieri, New York City, Martin D, Chitwood, Christi A. Cannon, Chitwood & Harley, Atlanta, GA, for Jay Louis Dickstein.

Eric Charles Lang, Paul Hastings Janofsky & Walker, Atlanta, GA, for Able Telcom Holding Corp., C. Frank Swartz, Billy V. Ray and Michael Arp.

W. Pitts Carr, Render Crayton Freeman, Carr Tabb Pope & Freeman, Atlanta, GA, for Carl F. Melito, Shipping Financial Services Corp., David Finkelstein, Roland Anderson, Martin Galante and Tom Sammut.

### ORDER

THRASH, District Judge.

This is a class action securities fraud case. It is before the Court on the Motion by Proposed Interveners to Intervene [Doc. 6–1], to Transfer Case for Consolidation in a Single Forum [Doc. 6–2], and the Amended Motion [Doc. 9–1]. For the reasons set forth below, the motions are granted.

### I. BACKGROUND

Carl F. Melito, Shipping Financial Services Corporation, David Finkelstein, Roland Anderson, Martin Galante and Tom Sammut ("Interveners"), are court appointed lead plaintiffs in an action (the "Florida action")

pending in the United States District Court for the Southern District of Florida, Case No. 98–8633–CIV–Hurley, against Able Telcom Holding Corp. ("Able") and certain other defendants. The Florida action has been pending for more than one year. Some progress has been made in the case. The Florida Court has set a comprehensive schedule for the case including discovery cut-offs and a trial date. Interveners contend that this action alleges the same claims as the Florida action. They contend that it would be a waste of judicial resources to allow this action to proceed independently, and that it would promote judicial economy to transfer this action to Florida for consolidation with the Florida action. Pursuant to Federal Rules of Civil Procedure 24(a) and/or Rule 24(b) and 28 U.S.C. § 1404, Interveners move to intervene in this action and transfer it to the Southern District of Florida pursuant to 28 U.S.C. § 1404 for the purpose of consolidating this action with the consolidated actions pending in that Court.

On September 10, 1998, Shipping Financial Services Corporation ("Shipping") filed a complaint in the Southern District of Florida, West Palm Beach Division, against Defendants Able Telcom Holding Corporation ("Able"), Gideon D. Taylor, Frazier I. Gaines, Jesus Dominguez and Mark A. Shain. Subsequently, five additional cases containing virtually identical allegations were filed against Defendants. One of these additional cases was filed by a Plaintiff represented by the law firm of Abbey, Gardy & Squitieri ("Abbey Gardy"). The cases alleged violations of federal securities laws, alleging that Defendants made materially false and misleading statements between December 4, 1997, and September 1, 1998, regarding Able's acquisitions of two companies, CRSI and MFS Network Technologies, ("MFS"). The cases were assigned to Judge Hurley in the West Palm Beach Division of the Southern District of Florida.

On December 30, 1998, Judge Hurley issued an Order granting the motion of Carl F. Melito, Shipping, David Finkelstein, Roland Anderson, Martin Galante and Tom Sammut to be appointed lead plaintiffs pursuant to Section 21(D) of the Securities Exchange Act of 1934, and approved lead plaintiffs' selection of Kaplan Kilsheimer & Fox, LLP and

Milberg Weiss Bershad Hynes & Lerach, LLP to serve as lead counsel, and Burt & Pucillo, LLP as liaison counsel. In the Order, Judge Hurley also ordered the consolidation of all the related cases under case number 98–8633–CIV–HURLEY (the "Shipping action"). Subsequently, the litigation advanced in the Southern District of Florida. Documents were produced in response to subpoenas issued by lead counsel. Additionally, lead counsel in the Florida action attended status conferences, continued their investigation, and filed a Consolidated Amended Class Action Complaint on December 1, 1999. There is a Court ordered schedule for the administration of the Florida action and a trial date has been set.

After the close of business on December 1, 1999, and after Interveners filed their Consolidated Amended Class Action Complaint in the Florida action, Defendant Able issued a press release stating that the Securities and Exchange Commission had raised concerns regarding the accounting and disclosures made by Able relating to Able's 1998 acquisition of MFS. Able also stated that due to the SEC's investigation the Company may be required to restate its financial statements for fiscal year 1998 and possibly its interim financial statements for fiscal year 1999. As a result of the additional disclosures made by Able on December 1, 1999, counsel for Interveners in the Florida action issued on December 2, 1999, a national press release over PR Newswire giving notice that they would seek leave of court to file a Second Amended Complaint, incorporating new allegations and expanding the class period through December 1, 1999.

On December 22, 1999, Plaintiff Dickstein filed this action against Able and certain of its officers here in the Northern District of Georgia. The Complaint alleges various acts of securities fraud during a class period from February 24, 1999, through December 1, 1999. The allegations primarily relate to the reporting of the effects (or ill-effects) of the MFS acquisition. Plaintiff is represented by Abbey Gardy and others. Subsequently, during a status conference held before Judge Hurley on January 6, 2000, counsel for Interveners explained to Judge Hurley the cir-

cumstances surrounding the December 1, 1999 disclosures made by Defendants regarding Able's acquisition of MFS. Judge Hurley granted them leave to file a second amended complaint concerning those disclosures. On January 20, 2000, Interveners filed a Second Consolidated Amended Class Action Complaint in the Florida action, extending the Class Period to December 1999, and adding Billy V. Ray, C. Frank Swartz and Michael Arp as Defendants. On January 25, 2000, the Florida Court issued a Scheduling Order for administration of the case and set trial of the action to commence on November 5, 2001.

## II.  *DISCUSSION*

### A.  *INTERVENTION*

■  Interveners assert, first, a right to intervene pursuant to Rule 24(a). Intervention as of right is required by Rule 24(a) where "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ. Pro. 24(a). The law is well established in the Eleventh Circuit that a movant must establish the following in order to intervene under Rule 24(a): (1) that his application to intervene is timely; (2) that he has an interest relating to the property or transaction which is the subject of the action; (3) that he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) that his interest is represented inadequately by the existing parties to the suit. *See Purcell v. BankAtlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir.1996); *Worlds v. Department of Health and Rehabilitative Services,* 929 F.2d 591, 593 (11th Cir.1991).

■  The application to intervene is timely. The Interveners have shown that they have an interest relating to the property or transaction which is the subject of the action. Plaintiffs contend that they have failed to make such a showing because it is conceded that the Interveners did not purchase Able stock during the class period set forth in this action. Nevertheless, with the permission of a United States District Judge, they are asserting claims on behalf of a putative class that includes such shareholders. In other words, these are competing class actions, neither of which have been certified. This is sufficient to show an interest relating to the property or transaction which is the subject of the action. They have shown that they are so situated that disposition of the action, as a practical matter, may impede or impair their ability to protect that interest. They have shown that their interest is represented inadequately by the existing parties to the suit. Interveners have been appointed as lead plaintiffs in the Florida action, and controlled the choice of lead counsel. What is at stake here is control over the right to prosecute the class action. Therefore, the motion to intervene should be granted. Alternatively, the Court exercises its discretion to allow intervention pursuant to Rule 24(b).

### B.  *TRANSFER*

■  Interveners contend that the Court should transfer this action for consolidation in the Southern District of Florida pursuant to 28 U.S.C. § 1404. Motions to transfer under Section 1404 are appropriate where the moving party demonstrates that: (1) venue is proper in both the transferor and transferee court; (2) the transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interests of justice. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Id.* In this case, the Plaintiff's choice of forum is clearly outweighed by other considerations. There are now two competing class actions against Able and its officers. The allegations in this action are related to the allegations in the original Florida action in that they arise out of the MFS acquisition. It seems to the Court that it is in the interests of justice to have one judge decide how the actions are to proceed, whether as one action or two, with one set of lead plaintiffs and counsel or two, etc. For example, Plaintiffs contend that the Private Securities Litigation Reform Act was violated by allowing an expansion of the class period in

the Florida action without following the procedure of giving notice to class members of their right to seek appointment as lead plaintiffs. That objection should be addressed to Judge Hurley in the Florida action and not by this Court. For these reasons, the motion to transfer should be granted.

## III. *CONCLUSION*

For the foregoing reasons, the Motion by Proposed Interveners to Intervene [Doc. 6–1] and to Transfer Case for Consolidation in a Single Forum [Doc. 6–2] and the Amended Motion [Doc. 9–1] are GRANTED. The Clerk is directed to transfer this action to the United District Court for the Southern District of Florida.