ACCEPTANCE INDEMNITY INSURANCE CO.,
Plaintiff,

v.

SOUTHEASTERN FORGE,
INC., Defendant.

East Texas Mill Supply, Inc., TIG Insurance Company, J. Smith Lanier & Co., Southern Marketing Affiliates of Dallas, Inc., Southern Marketing Affiliates, Inc., and Gulf Insurance Company, Intervenors.

No. 4:00–CV–103–1(CDL).

United States District Court,
M.D. Georgia,
Columbus Division.

Oct. 3, 2002.

Gilbert M. Malm, Atlanta, GA, Samuel W. Oates, Jr., Columbus, GA, J. Dennis Weitzel, Dallas, TX, for plaintiffs.

William L. Tucker, Robert C. Brand, Jr., Thomas F. Gristina, Columbus, GA, Gilbert M. Malm, Atlanta, GA, for defendants.

Philip W. Savrin, Roger S. Sumrall, Russell E. Owens, James M. Poe, Atlanta, GA, G. Byron Sims, Houston, TX, for intervenors.

### ORDER

LAND, District Judge.

#### I. Introduction

The Court presently has pending before it Intervenor J. Smith Lanier & Co.'s ("JSL") Objection to Entry of Rule 68 Offer of Judgment and Dismissal. JSL objects to the entry of judgment on Plaintiff Acceptance Indemnity Insurance Co.'s ("Acceptance") acceptance of a Rule 68 offer of judgment made jointly by Defendant Southeastern Forge, Inc. ("Southeastern") and intervenors East Texas Mill Supply, Inc., TIG Insurance Co., Southern Marketing Associates of Dallas, Inc., Southern Marketing Associates, and Gulf Insurance Co.[1] JSL contends that for judgment to be entered pursuant to a Rule 68 offer of judgment, *all* parties in the case must agree to the offer. Since JSL expressly objects to the offer of judgment, it argues that judgment should not be entered under *Fed.R.Civ.P. 68*.[2] Acceptance and Southeastern maintain that judgment can be en-

---

1. The terms of the Rule 68 offer of judgment accepted by Acceptance and made by Southeastern and all intervenors (except for JSL) are as follows:

   The excess third-party liability insurance policy issued by Acceptance ... is void *ab initio*, or from inception, due to the omission of a Mississippi incident in 1998 from the application for such policy. The omission was material to the under-writing of such policy.

   The Counterclaim of Southeastern ... ETMS and TIG against Acceptance ... are dismissed with prejudice.

   Judgment may be entered in favor of Plaintiff ... as to each and every count plead in its Complaint for Declaratory Relief filed July 10, 2000 herein with all costs accrued and paid by Defendant ....

2. Rule 68 provides in pertinent part:

   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

   *Fed.R.Civ.P.* 68.

   Rule 68 is silent as to the effect of an offer of judgment that does not include all of the parties or dispose of all of the claims in the case. Rule 54 provides guidance, stating in relevant part:

   When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction

tered pursuant to an offer of judgment without the consent of all the parties in the case. Moreover, Acceptance argues that JSL has no standing to assert any claims in this declaratory judgment action, even though it acknowledges that this Court previously permitted JSL to intervene in this action as a matter of right.

For the reasons set forth below, the Court finds that it improvidently designated JSL as an intervenor of right in this case when it should have described JSL as a permissive intervenor. The Court further finds that under the current circumstances, allowing JSL to remain as an intervenor would unduly delay and prejudice the adjudication of the rights of the original parties. Therefore, the Court, exercising its inherent power to review interlocutory non-final orders, vacates and modifies its previous order and now finds that JSL should have been allowed to intervene as a permissive intervenor rather than an intervenor as of right. Moreover, in light of the Rule 68 offer of judgment that has been agreed to by all of the parties except JSL, the Court further finds that JSL should be dismissed from this case at this time. Accordingly, the Clerk is directed to enter final judgment and terminate this case pursuant to the parties Rule 68 offer of judgment. Since JSL is no longer a party, it will not be bound by this judgment, nor will the judgment have any *res judicata* or collateral estoppel effect on JSL and its ability to litigate in the future issues relating to the subject matter of this litigation.

## II. *Procedural Posture*

In this declaratory judgment action, Acceptance seeks a judgment that an excess insurance policy issued by Acceptance to Southeastern was null and void due to a material misrepresentation by Southeastern. Subsequent to the filing of this action, several parties intervened, including JSL. JSL sought to intervene based upon its interest in the litigation from the standpoint of its position as Southeastern's agent who was allegedly responsible for obtaining the insurance coverage in question. Facing the possibility that Southeastern may seek indemnification in the future from it if the policy that JSL was supposed to secure for Southeastern was deemed null and void, JSL argued that it had the absolute right to intervene. Based upon this interest asserted by JSL, as well as the lack of objection at the time by the other parties in this case, this Court previously permitted JSL to intervene as a matter of right. After approximately two years of litigation, Southeastern and all intervenors (except JSL) made a joint offer of judgment to Acceptance pursuant to Rule 68, which offer was accepted by Acceptance on August 30, 2002. This offer of judgment declares the policy at issue to be void *ab initio* and provides for judgment to be entered in favor of Acceptance on every count in its complaint for declaratory relief. On September 3, 2002, JSL filed an objection to judgment being entered pursuant to the Rule 68 offer.

■ The Court has located no legal authority addressing the precise issue of whether judgment can be entered pursuant to the acceptance of a Rule 68 offer when all of the parties in the case do not agree to the offer of judgment.[3] The Court certainly rec-

for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
*Fed.R.Civ.P. 54(b)*.
   Interpreting Rule 68 in light of Rule 54, it appears that for an offer of judgment to result in a *final* judgment and termination of the case, the offer must include all claims and all parties. If it does not, then the Court *may* direct the entry of a

*final* judgment as to fewer than all claims or parties. The Court rejects the contention by Acceptance and Southeastern that an offer of judgment that includes fewer than all the parties is "automatically self-executing." This contention ignores the plain language of Rule 54 which this Court finds applicable to Rule 68 offers of judgment involving fewer than all the parties.

3. The most closely analogous situation that the Court could locate involves those cases addressing the ability of objecting parties to block consent decrees. *See Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529–30, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986) (noting that intervenor cannot block the entry of a consent decree by other parties simply by with-

ognizes that judgment may be entered in a case even if the judgment does not resolve all of the claims or involve all of the parties in the case. *See Fed.R.Civ.P. 54(b)*. Construing Rule 68 and Rule 54(b) together, the Court can perceive of no reason why it would be impermissible to enter a judgment pursuant to Rule 68 that involves less than all of the claims or parties. However, it appears clear that any such judgment would not be *final* as to any party that did not participate in the offer of judgment. Moreover, for the judgment to be *final* as to the parties to the offer of judgment, it would appear that the Court would have to determine pursuant to Rule 54(b) that "there is no just reason for delay" and make "an express direction for the entry of judgment."[4] Otherwise, the action shall not be terminated as to any of the claims or parties, and the offer of judgment is subject to revision at any time prior to the entry of final judgment.

■ Based on the foregoing, the Court finds that in order for final judgment to be entered in this case pursuant to the offer of judgment, all of the parties must agree to it or any objecting party must be dismissed from the case prior to the entry of the final judgment. Since JSL does not consent to the offer of judgment, the Court's next inquiry is whether JSL should remain as a party in this declaratory judgment action.

### III. *Analysis of JSL's Status as an Intervenor*

■ JSL's Motion to Intervene in this case was initially granted without the apparent opposition of either Plaintiff or Defendant. For the reasons set forth below, the Court finds that JSL should not have been allowed to intervene as a matter of right under *Fed.R.Civ.P. 24(a)*, but rather should

have been allowed to intervene, if at all, as a permissive intervenor under *Fed.R.Civ.P. 24(b)*. The Court further finds that allowing JSL to remain as a permissive intervenor will unduly delay and prejudice the adjudication of the rights of the original parties, and therefore, the Court finds that JSL should now be dismissed as a party to this lawsuit without prejudice. Since JSL is no longer a party in the case, the entry of final judgment on the acceptance of the Rule 68 offer of judgment will have no *res judicata* or collateral estoppel effect on JSL in any future litigation. Accordingly, JSL's rights are not prejudiced in any significant way by its dismissal from the case.

### A. Intervention as a Matter of Right

■ Under *Fed.R.Civ.P. 24*, intervention may be either as of right, *Fed.R.Civ.P. 24(a)*, or permissive. *Fed.R.Civ.P. 24(b)*. To intervene as a matter of right, the party seeking to intervene must show an interest relating to the property or transaction which is the subject of the action, that disposition of the suit may impair or impede the party's ability to protect that interest, and that the interest is not adequately represented by existing parties to the suit. *Fed.R.Civ.P. 24(a)(2); see also Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989); *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir.1982).

The Court finds that JSL has never had an interest in the subject matter of this litigation that would have been impaired or impeded by the disposition of this action. JSL's only interest in this litigation arises from the *possibility* that Southeastern may seek indemnification from JSL in a later suit based upon JSL's alleged failure to secure the in-

---

4. holding consent unless intervenor's rights or obligations are affected by the decree); *United States v. City of Miami*, 664 F.2d 435, 445–47 (5th Cir.1981) (holding only parties prejudiced by a consent decree can block its entry and finding prejudice exists where a party's legal rights are affected by the decree or where the decree imposes a duty or obligation upon the party). Since the Court finds JSL should be dismissed as a party without prejudice, it need not reach the question of whether the reasoning in these cases applies to Rule 68 offers.

4. The Court rejects the contention by Acceptance and Southeastern that an offer of judgment that does not include all of the claims and parties is "self-executing." Although the Court agrees that a Rule 68 offer of judgment excluding certain claims and parties *may* be *final* as to the parties participating in the offer, the Court must expressly find that there is no reason for delay in entering the judgment and must expressly direct the entry of the judgment before it is final as to any of the parties. *See Fed.R.Civ.P. 54(b)*.

surance coverage in question. The Court finds that the *possibility* that JSL may be subject to a future claim for indemnification does not satisfy Rule 24(a)'s requirements that an intervenor of right must demonstrate a legally protectable interest in the proceedings that will be impaired if it is not allowed to intervene. Given this finding along with the indisputable conclusion that any decision and judgment in this action would have no *res judicata* or collateral estoppel effect on JSL's future rights, the Court must conclude that its previous order designating JSL as an intervenor of right should have more accurately described JSL as a permissive intervenor.[5] Accordingly, that order is hereby vacated and modified. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir.1991) (recognizing that an order granting a motion to intervene is interlocutory in nature, and thus a district court, in its discretion, may review it in light of changed circumstances); *Bon Air Hotel v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir.1970) (acknowledging that a District Court can modify or rescind interlocutory orders at any time prior to the entry of a final judgment).

### B.  Permissive Intervention

Having decided that JSL should not have been allowed to intervene as a matter of right, the Court now turns to the second possibility for intervention under Rule 24, permissive intervention. *Fed.R.Civ.P.* 24(b)(2). Permissive intervention is proper "when an applicant's claim or defense and the main action have a question of law or fact in common." *Id.* It is within the discretion of the court to allow such intervention, taking into consideration "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

■ Allowing JSL to intervene initially was not an abuse of discretion. However, the Court finds that in light of the changed circumstances, permitting JSL to remain as a permissive intervenor would "unduly delay or prejudice the adjudication of the rights of the original parties." Accordingly, JSL is hereby dismissed as a party without prejudice. This dismissal is conditioned upon the Court's express finding that the judgment to be entered on the Rule 68 offer in this case is not binding upon JSL and shall have no *res judicata* or collateral estoppel effect on JSL.

### IV.  *Conclusion*

Based on the foregoing, JSL is hereby dismissed as a party in this case. In light of this dismissal, final judgment shall be entered by the Clerk on the Rule 68 offer of judgment in this case. *See Fed.R.Civ.P. 68; see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1240 (11th Cir.2002). The Court further orders that the $2,000 currently held in the registry of the Court pursuant to the Court's July 10, 2000, Order shall be disbursed to Southeastern through its attorney, William L. Tucker, Page, Scrantom, Sprouse, Tucker & Ford, P.C., and the Clerk is directed to issue a check in the amount of $2,000 from the registry of the Court made payable to the same.

---

**5.** The Court notes that "a potential *stare decisis* effect does not automatically supply the practical disadvantage warranting intervention." *See Ma-*

naSota–88, *Inc. v. Tidwell*, 896 F.2d 1318, 1323 (11th Cir.1990).