Linda LAUBE, et al., Plaintiffs,

v.

Donal CAMPBELL, et al., Defendants.

No. CIV.A. 02–T–957–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 27, 2003.

See also 234 F.Supp.2d 1227.

Stephen B. Bright, Tamara H. Serwer, Marion D. Chartoff, Lisa Kung, Southern Center for Human Rights, Atlanta, GA, John A. Russell, III, Aliceville, AL, for plaintiffs.

Ellen Ruth Leonard, Office of the Attorney General, Alabama State House, William F. Addison, Andrew W. Redd, Alabama Department of Corrections, Legal Division, Montgomery, AL, Michael M. Shipper, Miller, Hamilton, Snider & Odom, Mobile, AL, Hugh C. Nickson, III, Miller, Hamilton, Snider & Odom, Montgomery, AL, Giles G. Perkins, Miller, Hamilton, Snider & Odom, LLC, Edward A. Hosp, James V. Doyle, Jr., Office of the Governor, Montgomery, AL, James A. Patton, Jr., for defendants.

### ORDER

MYRON H. THOMPSON, District Judge.

On December 2, 2002, this court preliminarily found that the Julia Tutwiler Prison for Women in Wetumpka, Alabama was operated in an unconstitutionally overcrowded and unsafe manner. *Laube v. Haley*, 234 F.Supp.2d 1227, 1253 (M.D.Ala.2002). This lawsuit is again before the court, this time on a motion to intervene filed by several Tutwiler correctional officers. For the reasons that follow, the intervention motion will be denied.

### A.

The correctional officers seek to intervene as a matter of right and, alternatively, as a matter of discretion, based on Rule 24 of the Federal Rules of Civil Procedure. Under subsection (a)(2) to Rule 24, a party seeking to intervene as a matter of right must meet the following requirements: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the application must be so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant must demonstrate that his interest is repre-

sented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989). In this case, the first requirement, the timeliness of the correctional officers' motion, is not contested.

An interest satisfying the other requirements of Rule 24(a)(2) must be a "direct, substantial, legally protectable interest in the proceeding.... [The proposed intervenors] must be at least ... real part[ies] in interest in the transaction which is the subject of the proceeding." *Chiles*, 865 F.2d at 1213–14 (citations omitted). The "focus ... of a Rule 24 inquiry is whether the intervenor has a legally protectable interest in the litigation." *Chiles*, 865 F.2d at 1212. Interests that are contingent upon some future events and which are "purely a matter of speculation" are not "the kind of protectable interest ... necessary to support intervention as of right." *ManaSota–88, Inc. v. Tidwell*, 896 F.2d 1318, 1322 (11th Cir.1990) (proposed intervenors' interest was "purely a matter of speculation" at the time of their motion and though proposed intervenors claimed that the outcome of the case would have a profound impact upon its members, "such a generalized grievance" did not state an interest sufficient to grant intervention as of right); *see also Washington Elec. Coop. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990) ("An interest ... that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."); *Standard Heating and Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998) (because "a sequence of events would have to occur for the interests of the associations to be impacted," appellants had not stated the interest necessary for intervention as of right).

The correctional officers contend that they should be allowed intervention as a matter of right for two reasons. First, they maintain that the current conditions at Tutwiler prevent them from performing duties which are necessary to avoid civil liability and criminal penalties. They argue that they "bear the risk" of civil liability because conditions are so bad at Tutwiler that they may, at times, have to take drastic measures to maintain

order and that these drastic measures may cause an inmate to file a lawsuit against them. These measures, according to them, may be so drastic that a court might consider them outside the scope of their employment and, hence, beyond the protection of qualified immunity. The correctional officers could, therefore, according them, be exposed to civil liability because of the current conditions at Tutwiler.

This stated interest does not satisfy the requirements of Rule 24(a)(2), for it is dependent on the occurrence of a long sequence of events before it could become colorable. *Washington*, 922 F.2d at 97. At this point in time, the interest is "purely a matter of speculation" and insufficient to serve as a basis for granting intervention as of right to the correctional officers. *ManaSota–88*, 896 F.2d at 1322; *Washington Elec. Coop.*, 922 F.2d at 97; *Standard Heating*, 137 F.3d at 571.

Furthermore, albeit in other contexts, interests similar to that articulated by the correctional officers here have been rejected by other courts. For example, in *Acceptance Indemnity Ins. Co. v. Southeastern Forge, Inc.*, 209 F.R.D. 697, 700–01 (M.D.Ga.2002), the court found that the proposed intervenor's "only interest in this litigation arises from the *possibility* that [the defendant] may seek indemnification from [the proposed intervenor] ... in a later suit.... [T]he *possibility* that [the proposed intervenor] may be subject to a future claim for indemnification does not satisfy Rule 24(a)'s requirements that an intervenor of right must demonstrate a legally protectable interest in the proceedings." (Emphasis in original).

Similarly, in *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996), the proposed intervenor was involved in a separate case with the defendants, and the proposed settlement agreement in *Purcell* would cause the proposed intervenor's summary-judgment motion in the separate case to be denied; hence, the proposed intervenor moved to intervene as of right. The Eleventh Circuit rejected the proposed intervenor's stated interest in the collateral-estoppel effect of the jury's verdict in the case as "too collateral, indirect, and insubstantial to

support intervention as of right," though it would have had direct bearing on the proposed intervenor's civil liability. *Id.* Moreover, the proposed intervenor's interest in *Purcell* was significantly stronger than that of the correctional officers here. The correctional officers, unlike the proposed intervenor's in *Purcell,* are not involved in ongoing litigation and cannot state for certain that the proceedings in this case will ever impact any future civil litigation against them.

■ These same reasons weigh in favor of rejecting the correctional officers' second claimed interest, avoiding criminal liability. The correctional officers contend that they could be exposed to criminal penalties under Alabama state law for failing to discharge their duty to guard inmates in compliance with state law. They point to 1975 Alabama Code § 14–11–4, which allows criminal penalties for "[a]ny guard ... having the charge, management or control of any convict who fails to discharge any of the duties imposed upon him by law," and 1975 Alabama Code § 14–3–16, which states that "[a]ny person who violates any provision of this chapter shall be deemed guilty of a misdemeanor" and refers to laws regulating the treatment of inmates. The correctional officers argue that, because they are unable to comply with the Eighth Amendment due to substandard conditions at Tutwiler, they could be criminally liable under Alabama state law.

Once again, the correctional officers' stated interest is too attenuated to support intervention as a matter of right. At this point in time, the court has only preliminarily found that the conditions at Tutwiler are unconstitutionally unsafe. In order for the officers to be criminally liable for these conditions, however, a number of events must occur. This court must first find that the conditions at Tutwiler violate the Eighth Amendment (as it has done preliminarily), then the State would have to continue to operate the prison in violation of the Eighth Amendment, and, finally, the State would then have to take the additional step of criminally prosecuting its own correctional officers. This sequence of events is not only speculative, it is improbable. Because any criminal liability on the part of the correctional officers is highly

speculative and contingent upon the occurrence of a series of events (one or more of which are improbable), the court finds that this interest is insufficient to grant intervention as of right.

■ Finally, the correctional officers argue that they have an "interest relating to the property or transaction which is the subject of the action," *Chiles v. Thornburgh,* 865 F.2d at 1213, because they have a property interest in their employment, and their employment may be affected by actions taken in this case. The correctional officers' employment, however, is not the "subject matter" of this litigation. The plaintiff inmates brought this suit based on the conditions of their confinement; while the circumstances of the employment of the correctional officers may have contributed to these conditions, it is not the correctional officers' employment itself which the plaintiff inmates contest.

*Howard v. McLucas,* 782 F.2d 956 (11th Cir.1986), does not warrant a different outcome. There, a consent decree provided that the defendants would promote plaintiff class members to 240 positions. 782 F.2d at 958. A group of non-class members moved to intervene based on their interests in the promotions and the fact that this interest would be seriously compromised by the consent decree. *Id.* at 959. The Eleventh Circuit found that this interest was sufficient to support intervention as of right. *Id. Howard* is distinguishable from the case at hand, however, because there is no agreement or plan affecting the correctional officers' employment. While the correctional officers believe that their property rights in their employment are jeopardized because a remedy *might* include the elimination of their jobs, neither of the defendants' two proposed remedial plans appears to affect the correctional officers' employment or indicate that their employment is in jeopardy. To the contrary, both the defendants and the plaintiffs in this suit have repeatedly indicated that the correctional officers are highly valued and all parties have indicated a hope to increase, not decrease, their numbers. Because there are no plans adversely affecting the correctional officers' employment and because it is highly speculative that their employment will ever

be threatened, the court finds that the correctional officers have not asserted an interest in the property which is the subject matter of this action such as would entitle them to intervene as of right.

■ Similarly, the court cannot credit the correctional officers' assertion that they might be discharged because current conditions at Tutwiler prevent them from upholding the United States Constitution and their oaths of office. The correctional officers are essential to the proper operation of Tutwiler, and the parties have indicated every desire to retain them. Therefore, because it is again "purely a matter of speculation" that the correctional officers' employment is a subject matter of this litigation, the correctional officers have not stated an interest sufficient to intervene as a matter of right.

### B.

Under Rule 24(b)(2) of the Federal Rules of Civil Procedure, to permissively intervene, the correctional officers must show that: (1) their application to intervene is timely; and (2) their claim or defense and the main action have a question of law or fact in common. Fed.R.Civ.P. 24(b)(2); *Chiles,* 865 F.2d at 1213. Even upon making this showing, however, the court "has the discretion to deny intervention." *Id.* As with the correctional officers' argument that they are entitled to intervene as of right, timeliness is not in issue.

The correctional officers raise claims regarding "the same overcrowded conditions, staff shortages, unsafe conditions, and violence that were addressed factually by the plaintiffs." Specifically, they claim that, because these conditions pose a serious danger to them as well as the inmate plaintiffs in this case, they should be allowed permissive intervention.

■ In requiring that a proposed intervenor state "a claim or defense" which shares a question of law or fact in common with the main action, "[t]he words 'claim or defense' manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending lawsuit." *Diamond v. Charles,* 476 U.S. 54, 77, 106

S.Ct. 1697, 1711, 90 L.Ed.2d 48 (1986) (O'Connor, J., concurring). Thus, permissive intervention "require[s] an interest sufficient to support a legal claim or defense." *Id.* The correctional officers have not stated a claim on which this court could grant relief. In other words, though the conditions of the prison may be of great concern to them, they have not stated a legal basis on which to bring this concern before this federal court in their motion or their pleading. The Eighth Amendment, which is the legal basis for the Tutwiler inmates' litigation, does not confer any protection on the correctional officers who guard the inmates. Consequently, the correctional officers have not demonstrated a "claim" which shares a "question of law or fact in common" with the main action, and their request for permissive intervention must be rejected as to this asserted interest.

This is not to say that the correctional officers do not have some protection under state law; Alabama may or may not have laws that protect them from the harm they fear. But if the State does, the correctional officers must pursue those state-law claims in state court. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984) (the Eleventh Amendment jurisdictional bar extends to claims brought not only under federal law, but those brought under state law, because "neither [supplemental] jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment").

■ In their proposed complaint-in-intervention, the correctional officers also asked this court to declare the two Alabama state laws discussed previously, 1975 Alabama Code §§ 14-3-16 and 14-11-4, unconstitutional. They contend that these laws impose a duty upon them to follow the orders of the Department of Corrections, but that, because the court has preliminarily found that the department is operating Tutwiler in violation of the Eighth Amendment, these departmental orders would require that they violate the Eighth Amendment or be exposed to criminal penalties. Consequently, they challenge these provisions as unconstitutional, though they do not state which provision of the Constitution they believe has

been violated. It is not clear from the pleading whether the correctional officers asserted these constitutional claims as bases for permissive intervention or if these claims were merely additional relief sought by the correctional officers. If the correctional officers are indeed asserting these claims as bases for permissive intervention, the court must exercise its discretion and deny permissive intervention based on these claims. Allowing intervention based on these claims would add a completely new issue to the suit, the constitutionality of two Alabama state laws, and cause undue delay. *See Chiles,* 865 F.2d at 1215 (denial of permissive intervention due to undue delay was not an abuse of discretion); *ManaSota–88,* 896 F.2d at 1323 (same). Denying intervention will in no way prejudice the proposed intervenors from bringing these claims in a separate lawsuit if they so desire, and the outcome of this lawsuit will have no impact on their claims.

Accordingly, it is ORDERED that the motion to intervene, filed by George Eldridge, et al., on February 18, 2003 (doc. no. 131), is denied without prejudice to the right of these correctional officers to bring a separate lawsuit of their own.