[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2006
THOMAS K. KAHN
CLERK

No. 05-11830

D. C. Docket No. 04-80680 CV-WPD
BKCY No. 00-35179-BKC-PGH

In Re: EMPIRE OF CAROLINA, INC.,
        EMPIRE INDUSTRIES, INC.

                    Debtors.

_____

ALPHA INTERNATIONAL,

                                        Plaintiff-Appellant,

                    versus

GENERAL FOAM PLASTICS,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 7, 2006)**

Before ANDERSON and DUBINA, Circuit Judges, and ALBRITTON*, District
Judge.

_____

*Honorable William H. Albritton, III, United States District Judge for the Middle District of
Alabama sitting by designation.

PER CURIAM:

## I. BACKGROUND

Appellant, Alpha International ("Alpha"), appeals the district court's affirmance of three orders[1] of the U.S. Bankruptcy Court for the Southern District of Florida, which, among other things, permitted Appellee, General Foam Plastics Corp. ("GFP"), to intervene as a third party without being bound by the resulting orders.

This litigation arises out of the bankruptcy court, with Alpha attempting to clarify the terms of a 2001 Asset Purchase Agreement ("APA") in which it purchased substantially all the assets of two businesses in bankruptcy, Empire of Carolina, Inc. and Empire Industries, Inc. ("Debtors"). Alpha attempted to do so by stipulation with the Debtors, which was incorporated into a Final Judgment in the bankruptcy court. GFP, who was opposing Alpha in separate litigation, feared the language in the Final Judgment could harm its interest in the other litigation

---

[1]The first order on appeal is an Order Granting Motion of GFP for Rehearing, to Vacate Final Judgment, and for Intervention and Granting in Part and Denying in Part Alpha's Motion to Reopen Adversary Proceeding, Amend Stipulation, and for Entry of Amended Stipulation of Judgment ("Rehearing Order"). The second order on appeal is an Amended Final Judgment. The third order on appeal is an Order Denying Alpha's Motion to Amend the Rehearing Order and the Amended Final Judgment ("Order Denying Amendment Motion").

and moved to intervene. The bankruptcy court permitted intervention, and altered the Final Judgment according to GFP's wishes. On appeal, the district court, in a 26-page opinion, affirmed the bankruptcy court's orders.

## II. ISSUES

The issues presented on appeal are (1) whether GFP was properly permitted to intervene; (2) whether the district court's interpretation of the Asset Purchase Agreement was correct; (3) whether GFP's limited intervention required it be bound by the Amended Final Judgment and whether the bankruptcy court abused its discretion in permitting such limited intervention; and (4) whether the form of the Amended Final Judgment was in full accord with the decision of the bankruptcy court.

## III. STANDARDS OF REVIEW

Factual and legal determinations made by the bankruptcy court are independently reviewed by this court, using the same standards of review as the district court. *In re Int'l. Admin. Servs. Inc.*, 408 F.3d 689, 698 (11th Cir. 2005). "We review the findings of fact made by the bankruptcy court for clear error. A factual finding is not clearly erroneous unless this court, after reviewing all of the evidence, [is] left with the definite and firm conviction that a mistake has been committed. This court conducts a *de novo* review of determinations of law,

whether from the bankruptcy court or the district court." *Id.* (citations and internal quotations marks omitted).

Issues relating to mandatory intervention are subject to *de novo* review. *Loyd v. Alabama Dep't of Corr.*, 176 F.3d 1336, 1339 (11th Cir. 1999). Issues relating to permissive intervention are reviewed for abuse of discretion. *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996).

## IV. <u>DISCUSSION</u>

The bankruptcy court did not address whether it granted GFP the right to intervene under mandatory intervention principles or permissive intervention principles.[2] On appeal, the district court ruled that intervention was proper under either standard. Because we conclude that intervention was proper under permissive standards, we hold that the district court did not abuse its discretion.

Federal Rule of Bankruptcy Procedure 7024(b) incorporates Federal Rule of Civil Procedure 24(b), and provides that a court may allow permissive intervention when an applicant's claim or defense and the main action have a question of law or fact in common. *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d at 1513 (analyzing

---

[2]GFP actually intervened on two aspects of the litigation– to contest the representation that it consented to the Final Judgment, and to contest the language amending the APA. Alpha does not contest that it was proper for the court to permit intervention as to the consent, but argues that intervention as to the APA was improper.

denial of intervention under Fed. R. Civ. P. 24). "[O]ur task is not to determine whether the factors of Rule 24(b) were present, but is rather to determine whether the trial court committed a clear abuse of discretion in denying the motion. We must affirm under the abuse of discretion standard unless we at least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard." *Id.* (citations and internal quotation marks omitted).

Suffice it to say that we conclude from the record that GFP was properly permitted to intervene on a limited basis in the adversary action between Alpha and the Debtors. GFP was a substantial creditor of the Debtors. As such, it had an interest in assuring that the original APA and sale order approving it were not modified unless Alpha and the Debtor first sought relief from the final sale order, approving the original APA, and the order dismissing the Debtors' bankruptcy cases in February 2003. Additionally, Alpha's final judgment improperly recited that GFP consented to the final judgment; this misrepresentation needed to be corrected. Moreover, Alpha sued GFP in North Carolina with respect to the intellectual property claims that it seeks to expand in the present litigation. Therefore, given its interest as a creditor, Alpha's misrepresentation as to its consent, and the pending North Carolina action involving intellectual property

5

claims, GFP had a sufficient interest to support permissive intervention under Bankruptcy Rule 7024.

Concerning the remaining issues presented in this appeal, we affirm the district court's disposition of them based upon its well-reasoned order affirming the orders of the bankruptcy court filed on February 28, 2005.

**AFFIRMED.**