[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13256
Non-Argument Calendar

_____

D. C. Docket No. 05-00412-CV-OC-10-GRJ


MEADOWFIELD APARTMENTS, LTD.,
a Florida limited partnership,

Plaintiff-Appellee,

versus

UNITED STATES OF AMERICA,

Defendant,

MARY MASSINELLO, ROBERTO MASSA,
ANABAL FRESSE, PAULA ABREU,
REYNALDO FONSECA, WILLIAM RODRIGUEZ,

Intervenors-Defendants-
Appellants.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 7, 2008)**

Before CARNES, BARKETT and HILL, Circuit Judges.

HILL, Circuit Judge:

Meadowfield Apartments, Ltd. seeks to quiet title to the Meadowfield Apartments, a low-income housing development, by forcing its mortgagee, the United States Department of Agriculture, to accept prepayment of its loans. Intervenors are six individuals, all of whom are tenants of Meadowfield Apartments. According to intervenors, each of them holds a property interest under a lease agreement with Meadowfield Apartments, which may be adversely affected by the prepayment of the mortgage. The district court denied appellant-intervenors motion to intervene and Intervenors have appealed. *See Bhd. of R.R. Trainmen v. Baltimore & O.R. Co.,* 331 U.S. 519, 524 (1947) (holding that denial of a motion to intervene is immediately appealable).

Under Rule 24(a), Fed. R. Civ. P., intervenors must establish the following requirements in order to intervene in this action: (1) the application to intervene is timely; (2) intervenors have an interest relating to the property or transaction which is the subject of the action; (3) intervenors are so situated that disposition of the action, as a practical matter, may impede or impair their ability to protect that interest; and (4) their interest is represented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). The district

court held that intervenors have failed to establish that they meet these requirements and we agree.

First, the leaseholders have not demonstrated an adequate interest in the property that is the subject of this action. We have held that, in order to show such an interest, the intervenor must be a real party in interest in the transaction such that he has a direct, substantial, legally protectable interest in the proceedings. *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). Intervenors in this action do not have such an interest. While leaseholders in federal low-income housing do have certain statutory rights, no judgment entered in this action will defeat those rights. Nor would any judgment regarding prepayment of the loan terminate their interest or rights provided under the current terms of their leases with Meadowfield Apartments.[1] Any suggestion that their future rights may be impaired is too speculative to support intervention. Since a judgment in this action would not impede or impair the ability of the intervenors to protect their rights under their current leases, they have not shown that they have

---

[1]Intervenors reliance upon *United States v. Dixwell Housing Corp.*, 71 F.R.D. 558 (D. Conn. 1976), is misplaced. In that case, the aim of the action was to divest the owner of its ownership interest in the property, which likely would have resulted in the tenants' loss of their leases. In contrast, the purpose of this action is to cancel the mortgage – through prepayment – not to cancel the leases or modify the rights of the intervenors under those leases.

3

an interest in these proceedings adequate to permit them to intervene.[2]

Additionally, intervenors have failed to establish that their rights are not adequately represented by the United States in this action. Intervenors seek exactly the same relief as does the United States – a declaration that federal law prevents prepayment of the loan by Meadowfield. Furthermore, the arguments made by intervenors and the United States against the prepayment are substantially the same.

For the foregoing reasons, we agree with the district court that intervenors have failed to establish the necessary requirements for intervention in this case and the denial of the motion to intervene is due to be

**AFFIRMED.**

---

[2]In fact, intervenors have filed a separate action against the Department of Agriculture and the Rural Housing Authority to protect their rights, demonstrating that those rights are not impaired by their exclusion from this action.