Bill McLEAN, et al., Plaintiffs-Appellees,

v.

STATE OF ARKANSAS, et al., Defendants-Appellees;

Arkansas Citizens for Balanced Education in Origins, et al., Intervenors-Appellants.

No. 81–2023.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1981.

Decided Oct. 16, 1981.

Rehearing and Rehearing En Banc Denied Nov. 9, 1981.

Wendell R. Bird, El Cajon, Cal., for appellants.

Henry J. Osterloh, Little Rock, Ark., for Pulaski City Special School Dist.

Philip E. Kaplan, David L. Williams, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Bruce Ennis & Jack Novik, New York City, for American Civil Liberties Union.

Before BRIGHT, STEPHENSON, and ARNOLD, Circuit Judges.

PER CURIAM.

This appeal arises out of a suit challenging the constitutionality of Act 590 of the 1981 General Assembly of Arkansas, referred to by some as the Balanced Treatment Act, and by others as the Creation-Science Act. Appellants are four organizations and 15 individuals who sought leave in the court below to intervene as defendants. In a memorandum order filed August 20, 1981, the District Court[1] denied the motion for leave to intervene. The case is now set for trial on December 7, 1981.

The pivotal question presented by the appeal is whether the Attorney General of Arkansas, who represents the named defendants, will adequately represent the interests of intervenors. The District Court found that the Attorney General will defend the suit with adequate vigor and diligence. We have examined the papers filed by appellants, including their notice of appeal, a motion for suspension of the rules to expedite proceedings, and the supporting affidavit of William E. Gran, an individual intervenor-appellant. The case is sufficiently clear to enable this Court to dispose of the appeal summarily. See 8th Cir. R. 12(a)[2].

We have no basis for disagreeing with the District Court's judgment that the Attorney General of Arkansas will properly defend the validity of Act 590. The District Court is in a much better position than we are to assess this kind of question, and its conclusions are clearly set forth and amply supported in the memorandum order referred to above. To the extent that the District Court found that applicants were not entitled to intervention as of right under Fed.R.Civ.P. 24(a), the judgment is affirmed. To the extent that permissive intervention under Fed.R.Civ.P. 24(b) was denied, the appeal is dismissed for want of jurisdiction. The District Court did not abuse its discretion in denying permissive intervention.

[1]. The Hon. William R. Overton, United States District Judge for the Eastern District of Arkansas.

[2]. Rule 12(a) reads in pertinent part: "The Court may at any time, on its own motion and without notice, dispose of an appeal summarily . . . ."

This disposition makes the motion of appellants to suspend the rules moot.

It is so ordered.