Shirley ARROW; Plaintiff,

Yankton Sioux Tribe; Appellant,

v.

GAMBLER'S SUPPLY, INC.; Louis M. Nix, Executrix of the Estate of William M. Nix, Sr.; John T. Parker, Jr.; John E. Nix; Defendants–Appellees.

No. 94–3306.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1995.

Decided May 23, 1995.

408

James G. Abourezk, Rapid City, SD, argued, for appellant.

William Taylor, Sioux Falls, SD, argued (Gary P. Thimsen, on the brief), for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The Yankton Sioux Tribe appeals the district court's [1] denial of its motions for joinder and for dismissal of a motion to approve the proposed settlement in an action brought by a tribe member, Shirley Arrow, against Gambler's Supply, Inc., pursuant to 25 U.S.C. § 81. We affirm.

## I.

The Yankton Sioux Tribe and Gambler's Supply signed a management agreement in 1990 for the operation of a casino on tribal lands. As the screening process required by 25 U.S.C. § 81 resulted in disapproval of the contract by the Bureau of Indian Affairs, the parties revised the management agreement and executed an interim agreement under which to conduct business pending BIA approval. The casino began operation on June 22, 1991. Four months later, the BIA sent a letter informing the Tribe that the amended

1. The Honorable John B. Jones, Senior District Judge for the District of South Dakota.

management agreement could be approved once the requisite background investigation was finished. Before the approval process was complete, however, the Tribe resolved to terminate its relationship with Gambler's Supply and withdrew the management agreement from consideration by the BIA. The Tribe subsequently agreed to pay Gambler's Supply a settlement of $1,420,000.

On October 26, 1992, Arrow brought a *qui tam* action against Gambler's Supply under 25 U.S.C. § 81, claiming that both the management agreement and the settlement were void for lack of BIA approval. She sought return of $1,912,455.08 that the gaming company had received from the casino operations and of the $1,420,000 settlement. One month prior to trial, the parties agreed to settle the case for $100,000, to be divided equally between Arrow and the Tribe as required by the statute, and an additional $26,500 in attorney fees. After learning of the proposed settlement, the Tribe filed a motion for joinder under Fed.R.Civ.P. 19 as well as a motion to dismiss the motion to approve the settlement. The district court denied the motion for joinder on the basis of laches and approved the settlement between Arrow and Gambler's Supply.

## II.

### A.

■ The Yankton Sioux Tribe claims that the district court erred in its dismissal of the Rule 19 motion for joinder in Arrow's action against Gambler's Supply. We note at the outset that only a party may make a Rule 19 motion, although, of course, a court may *sua sponte* join a party for good cause. *See, e.g.,* Fed.R.Civ.P. 21 (describing the procedure for joinder or dismissal of parties); *Thompson v. Boggs,* 33 F.3d 847, 858 n. 10 (7th Cir.1994) (noting the lack of any precedent granting a non-party's motion for joinder). We think it proper, however, to treat the Tribe's motion as a request to intervene pursuant to Fed.R.Civ.P. 24.

■ The issue of whether a movant is entitled to intervene as of right is a question of law that is ordinarily reviewed de novo. *Mille Lacs Band of Chippewa Indians v.*

*Minnesota,* 989 F.2d 994, 998 (8th Cir.1993). In this case, the district court based its decision on the Tribe's failure to act in a timely fashion, for which the appropriate standard of review is abuse of discretion. *Id.; NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). Among the considerations that bear on the question of timeliness are how far the litigation had progressed at the time of the motion for intervention, the prospective intervenor's prior knowledge of the pending action, the reason for the delay in seeking intervention, and the likelihood of prejudice to the parties in the action. *Id.* The Yankton Sioux Tribe monitored Arrow's suit against Gambler's Supply for nearly two years and then moved to join the litigation when the parties reached a settlement agreement one month before the trial date. Even if the Tribe's proposed intervention would not have subjected the existing parties to the added expense of reopening settlement negotiations and preparing for trial, we cannot say that the district court improperly weighed the relevant considerations, and thus abused its discretion, in denying the motion.

### B.

■ Although our holding that the Tribe's motion was untimely is sufficient to dispose of this appeal, we nevertheless consider whether the district court would have been obliged to allow the Tribe to intervene if the motion had been timely. Rule 24(a)(2) requires allowing such intervention when the movant has an interest in the subject matter of the litigation that might be impaired by disposition of the litigation, unless that interest is "adequately represented by existing parties." Although the Tribe concededly has an interest that could be impaired by disposition of Arrow's action against Gambler's Supply, it still bears the burden of demonstrating that Arrow does not adequately protect its interest. *Mille Lacs,* 989 F.2d at 999. This burden is usually minimal but may be higher under certain circumstances. *Id.* For example, other circuits have held, we think correctly, that there is a presumption of adequate representation when the prospective intervenor's interest is identical to that of an

existing party. *See Purnell v. City of Akron,* 925 F.2d 941, 950 (6th Cir.1991); *Bottoms v. Dresser Industries,* 797 F.2d 869, 872 (10th Cir.1986). In this case, Arrow is not only on the same side as the Tribe, but her interests are literally identical with the Tribe's because 25 U.S.C. § 81 requires an equal distribution between them of any amount recovered. There is no evidence in the record, moreover, that Arrow failed to pursue the litigation vigorously. In fact, the Tribe admitted during the district court hearing on the motion that it had no objection to the manner in which Arrow prosecuted the suit. Although the Tribe now argues that Arrow's representation was inadequate because her modest income made her willing to settle for less than the value of the suit, Congress expressly provided for *qui tam* actions without requiring participation by a tribe. We decline to undermine this statutory provision by predicating our evaluation of the representation upon Arrow's degree of risk aversion or upon an attempt to determine the comparative utility accorded the monetary amount of the settlement by Arrow and the Tribe, especially when the record is wholly void of any information regarding Arrow's wealth and income. Interpersonal utility comparisons are difficult to make at best. Therefore we believe that even a timely Rule 24(a) motion would not have entitled the Tribe to intervene as of right.

### C.

Finally, we consider whether the district court abused its discretion by failing to allow permissive intervention by the Tribe. *See McLean v. Arkansas,* 663 F.2d 47, 48 (8th Cir.1981) (standard of review). Rule 24(b)(2) allows a court to grant such intervention "when an applicant's claim or defense and the main action have a question of law or fact in common" after determining whether "the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The transcript of the district court hearing on the Tribe's motion indicates that this issue received due consideration. We thus conclude that the district court properly exercised its discretion by denying the tribe's motion.

### III.

The Tribe further claims that the district court erred in dismissing its motion for dismissal of the motion made by Arrow and Gambler's Supply to approve the proposed settlement. Because the tribe was not entitled to intervene in the action, it lacked standing to challenge the parties' settlement. Thus the district court correctly dismissed the Tribe's motion.

### IV.

For the foregoing reasons, we affirm the judgment of the district court.

HEANEY, Senior Circuit Judge, dissenting.

I respectfully dissent because I believe the Tribe has a right to intervene to present arguments to the district court that the proposed settlement between Arrow and Gambler's Supply is an improvident one.

As the majority correctly points out, determining the timeliness of a motion to intervene requires consideration of the reason for the prospective intervenor's delay in seeking to intervene, the progress of the litigation, and the likely prejudice to other parties if intervention is allowed. *See Mille Lacs Band of Chippewa Indians v. Minnesota,* 989 F.2d 994, 998 (8th Cir.1993). The district court's ruling on the timeliness of the motion is reviewed for abuse of discretion.

The Tribe sought to join the action in early September 1994 after it received notice of the parties' motion to enter judgment in the action in the amount of $126,500. This occurred a few weeks before the scheduled trial date of September 27, 1994. The action was filed by plaintiff Shirley Arrow in October 1992. She sought recovery of $3,332,455 paid by the Tribe to Gambler's Supply pursuant to two agreements that had not been approved by the United States government and therefore were null and void under 25 U.S.C. § 81. Arrow filed her complaint about a month after the Tribe paid Gambler's Supply $1,420,000 in conjunction with the Tribe's termination of their contract.

It undoubtedly would have been better for the Tribe to seek to join the litigation before any settlement had been reached between Arrow and Gambler's Supply. The only reason offered by the Tribe for its delay was that it expected the matter to go to trial and result in a "substantial" judgment, in light of the over three million dollars it paid to Gambler's Supply. Sept. 12, 1994, Hrg. Tr. 4. The Tribe did, however, intervene shortly after learning the amount of the proposed settlement. The district court stated at the hearing that "the settlement figure wasn't arrived at until relatively recently." *Id.* at 13.

The fact that the litigation had progressed to within a month of the scheduled trial date, and a proposed settlement had been reached between Arrow and Gambler's Supply, does not weigh strongly against the Tribe in light of the limited purpose for which I would allow intervention, *i.e.*, to give the Tribe an opportunity to demonstrate to the district court that a settlement of $126,500, of which $26,500 is for attorney's fees, is improvident given the very large sum it paid to Gambler's Supply under two agreements that the parties knew were void unless approved by the United States government. The Tribe also informed the district court that, if allowed to intervene, it would not seek a continuance of the September 27, 1994, trial date and that it waived any sovereign immunity that might apply. *Id.* at 7.

Allowing the Tribe to present its arguments against the proposed settlement would not unduly prejudice the existing parties. This court has pointed out that there is a certain amount of prejudice whenever a proposed intervenor opposes an existing party's position. *Mille Lacs Band,* 989 F.2d at 999. Such prejudice, however, results not from the fact of the delay in seeking intervention but rather from the proposed intervenor's presence in the suit. *Id.* "Rule 24(a) protects precisely this ability to intervene in litigation to protect one's interests." *Id.* Finding no undue prejudice from the Tribe's delay in seeking to intervene, I would hold that the district court abused its discretion in finding the Tribe's motion untimely.

Having thus resolved the timeliness issue, I conclude that the Tribe is entitled to intervene as of right. Rule 24(a) is satisfied if the proposed intervenor has an interest in the subject matter of the litigation, the "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," and its interest is not adequately represented by existing parties. The majority concedes that the first two conditions are satisfied. The Tribe clearly has an interest in recovering money it paid pursuant to the contracts that were never approved, and indeed it could have pursued its own action under section 81. Further, the settlement here may prevent the Tribe from obtaining relief in any future lawsuits. In a federal court action in South Dakota brought by the Tribe to recover the money paid pursuant to these contracts, Gambler's Supply asserted the defense of res judicata based on this settlement. The parties and the district court below expressed uncertainty over whether the Tribe would be bound by a settlement it was not party to, but Rule 24(a) only inquires whether the proposed intervenor's interests "may" be impaired if it is not allowed to intervene. This condition is certainly satisfied.

I am also persuaded that the Tribe's interests were not adequately protected by Arrow. The Tribe's burden in showing inadequate representation is a "minimal" one. *Mille Lacs Band,* 989 F.2d at 999. Unlike the majority, I do not find that the Tribe's interest is identical to Arrow's. Although under section 81 Arrow and the Tribe share equally in any recovery from Gambler's Supply, the fact remains that Arrow individually has paid nothing to Gambler's Supply whereas the Tribe had paid over three million dollars that it has an interest in recovering. The Tribe therefore has a much greater incentive to pursue a higher amount of recovery.

The September 12, 1994, hearing transcript shows almost no inquiry into the settlement proposed by Arrow and Gambler's Supply. The district court's only comment was that "certainly the settlement in this case is small in relation to the amount of the contract involved, but the right of recovery is

not, in my view, clear-cut." Sept. 12, 1994, Hrg. Tr. 22. Looking at all the circumstances, I would allow intervention for the limited purpose of permitting the Tribe to present arguments to the district court that the proposed settlement was not a provident one. At that time all parties could present relevant evidence on this issue, and the Tribe would bear the burden of persuading the court that the settlement was improvident.