# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3587

_____

| | | |
|---|---|---|
| Chinyere Jenkins, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Kansas City Missouri School District; | * | Appeal from the United States |
| American Federation of Teachers; | * | District Court for the |
| State Defendants, | * | Western District of Missouri. |
| | * | |
| Defendants - Appellees, | * | [UNPUBLISHED] |
| | * | |
| Missouri Charter Public School | * | |
| Association, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2007
Filed: February 27, 2008 (Corrected: 3/27/2008)

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

BOWMAN, Circuit Judge.

This appeal is from a District Court[1] order denying a motion filed by the Missouri Charter Public School Association ("MCPSA") to intervene in the Kansas City, Missouri, School District ("KCMSD") desegregation lawsuit. We affirm the denial of the motion.

The school desegregation lawsuit commenced in 1977 and continued for over twenty-five years. In 2003, the District Court declared the KCMSD unitary and entered judgment releasing it from court supervision. On February 22, 2006, certain parties to the case filed a motion in the District Court seeking the enforcement of previous orders entered by the courts and of an Agreement between the KCMSD and the State of Missouri that was incorporated into court orders. After full briefing by the parties, the District Court exercised its ancillary jurisdiction and granted the motion on June 15, 2006.[2] On June 23, 2006, the MCPSA moved to intervene in the lawsuit, either as of right under Federal Rule of Civil Procedure 24(a) or permissively under Federal Rule of Civil Procedure 24(b). The MCPSA stated that it sought intervention for "the limited purpose of filing a Motion to Reconsider or Amend the June 15, 2006 Order of [the District Court] and to present evidence crucial to a just determination of the issues involved." MCPSA's Suggestions in Support of Its Expedited Motion to Intervene, Appellant's App. at 60. The District Court denied intervention on September 11, 2006.

We review the denial of mandatory intervention under Rule 24(a) de novo and the denial of permissive intervention under Rule 24(b) for abuse of discretion. Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008, 1009 (8th Cir. 2007).

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2]We affirm the District Court's Order of June 15, 2006, as amended, in another opinion issued today, P.A.C.E. v. Kansas City Missouri School District, No. 06-3318. A detailed history of this action can be found in that opinion.

The District Court denied intervention on the basis that the MCPSA lacked Article III standing, but we may affirm on any ground supported by the record. See Saulsberry v. St. Mary's Univ. of Minn., 318 F.3d 862, 866 (8th Cir. 2003). Because we find the MCPSA's motion untimely, we affirm the denial of intervention.

The first requirement of Rule 24 is that motions to intervene be "timely." See NAACP v. New York, 413 U.S. 345, 365 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'"). "Among the considerations that bear on the question of timeliness are how far the litigation had progressed at the time of the motion for intervention, the prospective intervenor's prior knowledge of the pending action, the reason for the delay in seeking intervention, and the likelihood of prejudice to the parties in the action." Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995). Motions for intervention filed after the entry of judgment should be granted "only upon a strong showing of entitlement and of justification for failure to request intervention sooner." United States v. Assoc. Milk Producers, Inc., 534 F.2d 113, 116 (8th Cir. 1976).

The MCPSA sought to intervene nearly thirty years after the filing of suit, three years after final judgment was entered in the suit, four months after the motion for enforcement of judgments was filed, and eight days after the District Court entered judgment on the motion for enforcement of judgments.[3] To be sure, the proceedings had progressed a considerable distance by this time. Intervention at such a late stage would have unduly delayed enforcement of the remedy to which the KCMSD was entitled. The MCPSA acknowledges that it knew about the filing of the motion for enforcement of judgments. The reason offered by the MCPSA for its delay in seeking

---

[3]We reject the MCPSA's argument that the filing of the motion for enforcement of judgments created a new action. See P.A.C.E. v. Kansas City Mo. Sch. Dist., No. 06-3318, slip op. at 9–10, 13–19 (8th Cir. Feb. 27, 2008) (discussing the District Court's exercise of ancillary jurisdiction to enforce previous orders).

intervention is that "it reasonably expected the district court to hold a hearing . . . to determine the question of jurisdiction before moving on to the merits of the case." Appellant's Reply Br. at 8. The District Court was under no obligation to hold a hearing, and we are not sympathetic to the MCPSA's erroneous assumption. For these reasons we conclude that intervention was properly denied. See Minn. Milk Producers Assoc. v. Glickman, 153 F.3d 632, 646 (8th Cir. 1998) (affirming denial of intervention where the district court found it unlikely that the proposed intervenor did not realize the potential effects of the action on its interests until the "latest opportunity" and where a party would be prejudiced by having to respond to the intervenor's arguments), cert. denied, 526 U.S. 1130 (1999); Nevilles v. EEOC, 511 F.2d 303, 306 (8th Cir. 1975) (affirming denial of intervention after entry of judgment where the proposed intervenors failed to demonstrate that they did not know of the suit during its pendency). Cf. Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 999 (8th Cir. 1993) (reversing denial of intervention where discovery had not yet commenced on date intervention was sought); Liddell v. Caldwell, 546 F.2d 768, 770–01 (8th Cir. 1976) (reversing denial of intervention after approval of consent decree where, among other things, the consent decree was interlocutory in nature and did not set forth an overall plan for desegregation and where petitioners did not learn until the entry of the decree that their interests were no longer being represented by another party).

The order of the District Court is affirmed.

_____