**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES (AFSCME) COUNCIL 79, Plaintiff,**

v.

**Rick SCOTT, in his official capacity as Governor of the State of Florida, Defendant.**

No. 11–civ–21976–UU.

United States District Court, S.D. Florida.

Dec. 12, 2011.

Randall C. Marshall, Shalini Goel Agarwal, American Civil Liberties Union Foundation of Florida, Inc., Peter G. Walsh, Stabinski & Funt, Miami, FL, for Plaintiffs.

Charles M. Trippe, Jr., Jesse Michael Panuccio, Michael M. Sevi, Executive Office of the Governor Office of the General Counsel, Sheron Lee Wells, Florida Department of Corrections Office of General Counsel, Tallahassee, FL, for Defendants.

## AMENDED ORDER MOTION TO INTERVENE[1]

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on the Secretary of the Department of Corrections, Kenneth S. Tucker's ("Secretary") Motion to Intervene in the instant action, or in the alternative, to join as a necessary party. (D.E. 15).

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. Background and Procedural History

On May 31, 2011, the American Federation of State, County and Municipal Employees, Council 79 ("Union") and Richard Flamm ("Flamm") filed a complaint against Rick Scott, as the Governor of Florida ("Governor") challenging the constitutionality of Executive Order 11–58 of March 22, 2011 ("EO"). (D.E. 1) The EO directs all agencies to amend their drug-testing policies to pro-

vide for pre-employment and random drug testing for all state employees. (D.E. 19–1). Each agency is directed to amend its drug-testing policies within sixty days and begin pre-employment drug-testing immediately upon the adoption of an amended policy. *Id.* The Union represents more than 50,000 state employees, many of whom are subject to the new drug-testing regime. (D.E. 1 ¶ 18). As such, the Union is suing on its own behalf and on behalf of the employees it represents. (D.E. 1 ¶ 16). The complaint alleges a violation of the Fourth Amendment's prohibition against unreasonable search and seizure because the EO "commands state agencies to conduct random, suspicion-less searches of all employees, without limiting the searches in any way to employees in safety-sensitive positions where there is a concrete danger of real harm." (D.E. 1 ¶¶ 13, 16). As such, the EO harms the Union's employees because they are subject to suspicion-less drug-testing. (D.E. 1 ¶¶ 19, 23, 24). The EO also harms the Union because it will be required to spend resources on bargaining over the testing and representing state employees selected for testing. (D.E. 1 ¶ 20). Plaintiff does not request damages for past harm. The relief sought is prospective in nature: that the Governor be temporarily enjoined from implementing the EO during the pendency of this suit; that the Governor immediately direct all agencies to cease all drug-testing related to the EO; that the Court quash the EO; and, that the Governor pay plaintiffs' attorney's fees and costs pursuant to 42 U.S.C. § 1988 (2006). (D.E. 1).

On June 10, 2011, the Governor issued a memorandum suspending the implementation of the EO for all agencies except the Department of Corrections ("Department"). (D.E. 15–1). On September 9, 2011, the Secretary moved to intervene as a party-defendant based on intervention as a matter of right or permissive intervention. Fed.R.Civ.P. 24(a)–(b). In the alternative, the Secretary moved to join as a necessary party. Fed.R.Civ.P. 19.

---

1. The Court's previous order on the instant motion assumed incorrectly that Mr. Richard Flamm remained a named plaintiff. However, Mr. Flamm was previously dismissed from the case. (D.E. 5.) The Court's error does not affect the analysis of the instant motion. The revised order removes the previous orders' references to Mr. Flamm.

## II. Legal Standards

*Intervention as a matter of right*

■ Intervention is permitted as a matter of right when the moving party demonstrates that: (1) its motion to intervene is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impair or impede its ability to protect that interest; and (4) the parties to the action inadequately represent that interest. Fed. R.Civ.P. 24(a)2. All four elements of Rule 24(a)2 must be met before intervention of right will be permitted. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213–1214 (11th Cir. 1989). As such, a failure to prove any one of the elements requires a court to deny the motion. *Id.* The asserted interest, furthermore, must be supported by a "direct, substantial and legally protectable interest in the proceedings." *Purcell v. BankAtl. Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir.1996). The proposed intervenor bears the burden of showing that the existing parties cannot adequately represent its interest, however, this burden is minimal. *Fed. Savings & Loan Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir.1993).

*Permissive Intervention*

■ Fed.R.Civ.P. 24(b)(1)(B) allows for permissive intervention where the motion is timely and the moving party has a "claim or defense that shares with the main action a common question of law or fact." Even when the requirements of Rule 24(b) are satisfied, it is in the court's sole discretion whether to allow intervention. *Purcell*, 85 F.3d at 1513. The court considers whether the intervention would unduly delay proceedings or prejudice the adjudication of the original parties' rights. *Id.*

*Motion to join as a necessary party*

■ Fed.R.Civ.P. 19 addresses motions to join required persons where feasible. However, only a party can motion under Rule 19. *Arrow v. Gambler's Supply Inc.*, 55 F.3d 407, 409 (8th Cir.1995) (*citing* Fed. R.Civ.P. 21; *Thompson v. Boggs*, 33 F.3d 847, 858 n. 10 (7th Cir.1994) *noting* lack of precedent granting a non-party's motion for joinder). The court may treat a non-party's motion for joinder as a motion to intervene pursuant to Rule 24. *Arrow*, 55 F.3d at 409.

## III. Analysis

*Standing*

■ Although neither party raised the issue, the Court takes this opportunity to address the Plaintiffs' standing. Standing is an issue which cannot be conceded or waived and must be addressed prior to analyzing the merits of the case. *Animal Legal Defense Fund, Inc. v. Espy*, 29 F.3d 720 (D.C.Cir. 1994). "Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.'" *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998). The case-or-controversy mandate, commonly referred to as the requirement for "justiciability," limits the scope of the federal courts to matters presented in an adversarial context. *Id.* Justiciability has three strands: standing, ripeness and mootness. *Id. See also, Harrell v. The Fla. Bar*, 608 F.3d 1241, 1247 (11th Cir.2010). To demonstrate standing, the plaintiff must make three showings: (1) that he suffered an injury in fact of a legally cognizable interest that is concrete, particularized and actual or imminent—rather than conjectural or hypothetical; (2) that the injury is fairly traceable to the defendant's challenged action; and (3) a favorable judgment is likely—as opposed to speculative—to redress the injury. *Harrell*, 608 F.3d at 1253; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*Injury in fact*

■ The Court is satisfied that the Union has demonstrated an injury in fact. In a similar case, the middle district addressed whether plaintiffs-tenants had standing to

sue the city housing authority from whom they leased their apartments. The tenants challenged the defendant's policy of warrant-less and suspicion-less searches and seizures of their leased premises. *Mary Noble et al. v. Brian Tooley et al.*, 125 F.Supp.2d 481 (M.D.Fla.2000). In that case, the district court held that the tenants satisfied the injury in fact prong because the prospects of plaintiffs being subject to warrant-less searches was foreseeable. In so doing, the court distinguished the facts before it from those in *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Here, the Supreme Court held that Lyons—the victim of a police administered choke hold—lacked standing to challenge the department's choke-hold policy where it was "no more than conjecture" to maintain that the police would, at some future date, arrest Lyons and that this arrest would result in unconstitutional choke-hold. *Id.* at 108, 103 S.Ct. 1660.

As to the present controversy over the EO, the random drug-testing of the state's employees is highly likely. According to the EO, the random drug-testing shall occur at least every quarter and begin within sixty days of amending each agencies' policies and notification to all employees. (D.E. 1–3.) Less than two weeks after the commencement of this lawsuit, the Governor issued a memorandum temporarily suspending the implementation of the EO—during the pendency of the litigation—for all agencies except the Department of Corrections. (D.E. 15–1). Hence, it is clear that the Governor intends to implement the random drug-testing policy for all state employees in Florida. In short, random drug-testing for state employees is the intended outcome of the policy, and thus not a remote, hypothetical possibility.

Additionally, the Court is satisfied that the Union satisfies the last two standing prongs. The alleged violation of the Fourth Amendment is traceable to the EO, which establishes the random drug-testing policy. A judgment that the EO is unconstitutional, which the plaintiffs seek, would also redress the complained of injury by nullifying the policy requiring the random drug-tests.

*Ripeness*

Ripeness analysis considers "whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Johnson v. Sikes,* 730 F.2d 644, 648 (11th Cir.1984). The two factors courts balance are whether the challenged action is hypothetical and the possible hardship on the parties by withholding court consideration. *A & M Enters., L.L.C. v. Houston,* 179 F.Supp.2d 1356, 1360–61 (M.D.Ala.2001). The instant matter is fully ripe for adjudication because the issues are sufficiently defined and concrete. The issue is whether the EO is unconstitutional pursuant to the Fourth Amendment's "unreasonable searches and seizures" clause. The parameters of the challenged policy—random drug-testing—are sufficiently clear that the Court need not await the full implementation of the EO and the development of a fuller factual record.

*Mootness*

A federal court has no authority to opine on moot questions or "declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). However, voluntary cessation by the defendant does not deprive the court from ruling on the case, since the defendant is "free to return to his old ways." *Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1329, 1333 (11th Cir.2005); *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). In the instant case, the Governor only paused the EO's implementation across the state agencies, while simultaneously directing the Department to proceed with implementing the policy to "permit the legal issue to be resolved." (D.E. 15–1). Hence the voluntary cessation with respect to the other state agencies is not likely to endure. Meanwhile, the Department is currently undertaking the EO's im-

plementation. Given these facts, the Court finds there is no issue with mootness.

### Organizational standing

In the present case, the Union is suing on its own behalf and on behalf of the employees it represents. (D.E. 1 ¶ 16). An organization has standing to sue on behalf of its members when "its members could otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Fla. State Conference of N.A.A. C.P. v. Browning*, 522 F.3d 1153, 1160 (11th Cir.2008). Individual members are not required to be named-plaintiffs when the relief requested is prospective. *Id.* Here the relief requested is prospective: that execution of the EO be enjoined during the pendency of this lawsuit and that the Court ultimately quash the EO. The Court is satisfied that the Union has standing to sue on behalf of its members because they could sue individually on Fourth Amendment grounds, and further the Union has an interest in representing the rights of its members. Because the Court has determined that the plaintiffs meet the justiciability requirements, it will rule on the merits of Secretary's motion.

### Motion to join as an necessary party

The Secretary has failed to identify any case which supports his interpretation that Rule 19 allows a non-party to move the court to be joined as a required party. Thus, the Court will consider the Secretary's joinder motion as a motion to intervene pursuant to Rule 24. *Arrow*, 55 F.3d at 409.

### Intervention as a matter of right

The parties do not dispute that the motion is timely. Therefore the Court will examine the remaining elements.

### Whether the Secretary has an interest relating to the instant action and whether disposition of this suit may impair or impede that interest

The Secretary argues that the disposition of the instant action has a "direct bearing" on the constitutionality of Florida Statute § 944.474, which authorizes the Department to "develop a program for random drug testing of all employees." (D.E. 15 p. 4). In *Georgia v. U.S. Army Corps of Engineers*, the Court stated that "where a party seeking to intervene claims an interest in the very property and very transaction that is subject of the main action, the potential *stare decisis* effect may provide a practical advantage [to permit intervention]." *Id.* at 1258 (*quoting Chiles v. Thornburgh*, 865 F.2d at 1214). In the present case, however, Florida Statute § 944.474 is not at issue. Plaintiff challenges only the EO. Thus, the Court is not persuaded that the Secretary has a "direct interest" in this case based on this statute.

### Whether the Governor will adequately represent the Secretary's interests

Furthermore, the Secretary unquestionably fails to met the requirement of showing that the existing parties cannot adequately represent his interest. "The Court presumes adequate representation when an existing party seeks the same objectives as the would-be intervenors." *Sierra Club, Inc. et al. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007). While the presumption is weak, it nonetheless imposes upon the applicant for intervention "the burden of coming forward with some evidence to the contrary." *Id.* "While a proposed intervenor and a party might, as a general matter, have different interests, the relevant Rule 24(a)(2) inquiry is whether the party will represent the proposed intervenor's interest *with respect to the subject matter of the action*." *Id.* at n. 9. In the present case, the Governor's interests are directly aligned with the Secretary's. The Secretary's interests in defending Florida Statute § 944.474 are impaired only if the EO is ruled unconstitutional. However, the Governor, who issued the EO, has every reason to defend this policy.

### Subject-matter jurisdiction

Additionally, the Secretary argues that, absent his intervention, the Court will lose

subject-matter jurisdiction because "a governor's general executive power is not a basis for jurisdiction in most circumstances." *Women's Emergency Network v. Bush,* 323 F.3d 937, 949 (11th Cir.2003). Once again, the present case can be distinguished from the facts in the cited case. In *Bush,* the plaintiffs challenged a statute authorizing a specialty license plate. The Eleventh Circuit stated that Governor Bush, as a named defendant, was not a proper party to the litigation because he was not responsible for passing the legislation and thus lacked sufficient connection to the challenged act. *Id.* at 949. In the present case, the Governor issued the challenged EO and has appropriately been named a defendant in his official capacity. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The Court will therefore not lose subject-matter jurisdiction.

### *Permissive Intervention*

 The Secretary argues that permissive intervention is warranted because the Secretary, as a governmental officer is bound by the challenged EO and also bound by the unchallenged state statute thus fulfilling the requirements by Fed.R.Civ.P. 24(b)(2). It is wholly discretionary to permit intervention even when the requirements are otherwise met. Since the interests and objectives of the Governor and the Secretary are closely aligned, the Court is not persuaded that the Secretary will add materially to the instant litigation. Accordingly, it is hereby

ORDERED and ADJUDGED that the Secretary's Motion to Intervene and in the alternative, to join as a necessary party (D.E. 15) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 9th day of December 2011 *nunc pro tunc* for December 8th, 2011.